MARSHALL R. KING (Bar No. 023301991)
  mking@gibsondunn.com
GABRIELLE LEVIN (*pro hac vice application forthcoming*)
  glevin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 48th Floor
New York, New York 10166
Telephone:  212.351.4000
Facsimile:  212.351.4035

ANNA M. MCKENZIE (*pro hac vice application forthcoming*)
  amckenzie@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, District of Columbia 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOGA CANCA,**<br><br>　　　　　**Plaintiff,**<br><br>**AMAZON.COM, INC.,**<br><br>　and<br><br>**AMAZON.COM.DEDC, LLC,**<br><br>　　　　　**Defendants.** | Civil Action No. 3:19-cv-12318-MAS-ZNQ<br><br>**DEFENDANT'S AMENDED ANSWER AND DEFENSES TO <u>PLAINTIFF'S COMPLAINT</u>**<br><br>Document Electronically Filed |

　　Defendant Amazon.com Services, Inc. ("Defendant" or "Amazon")

(incorrectly identified in the Complaint as Amazon.com, Inc. and

Amazon.com.dedc, LLC), responds to the allegations contained in the Complaint filed by Plaintiff Doga Canca ("Plaintiff") as follows:

## I. Introduction[1]

1. Denied, except Defendant admits that Plaintiff filed this action, which purports to assert claims under the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJ LAD").

## II. Jurisdiction and Venue

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary. To the extent any responsive pleading is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint regarding the acts and/or omissions giving rise to the claims set forth in the Complaint having occurred in this judicial district.

---

[1] For the Court's convenience and ease of reference, Amazon uses herein the same section headings set forth in the Complaint, but does not admit to the substance or accuracy of any of the headings.

### III.  Parties

5. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

6. Upon information and belief, Defendant has no basis to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint regarding her current residence and admits that Plaintiff is an adult.

7. Denied.

8. Denied.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

### IV.  Factual Background

10. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

11. Denied, except Defendant admits that Plaintiff began working for Amazon on or about January 25, 2017, and worked for Defendant until March 5, 2019.

12. Admitted.

13. Admitted.

14. Denied, except Defendant admits that the Staten Island location ("JFK8") is a fulfillment center built mid-2018.

15. Denied.

16. Denied.

17. Denied.

18. Denied, except Defendant admits that Director of Operations Anand Mehta was Plaintiff's immediate supervisor at JFK8, in his role as a General Manager, until in or around January 2019.

19. Admitted.

20. Denied.

21. Denied as to Plaintiff's ability to always perform the essential functions of her job, except Defendant has no basis to admit or deny the remaining allegations in Paragraph 21 of the Complaint.

22. Denied, except Defendant admits that Plaintiff requested and was granted time off from work.

23. Denied.

24. Denied, except Defendant admits that in early February 2019, Plaintiff applied for transfer to Amazon's fulfillment center in Robbinsville, New Jersey ("EWR4").

25. Denied.

26. Denied, including the allegations in footnote 1.

27. Denied, except Defendant admits that on or about March 5, 2019, it terminated Plaintiff's employment.

28. Denied, except admit that Plaintiff filed this action in the District of New Jersey.

## PLAINTIFF'S PRETEXTUAL TERMINATION

29. Denied, except Defendant admits that Plaintiff's employment was terminated on or about March 5, 2019.

30. Denied, except Defendant admits that Plaintiff was paid hourly and that prior to February 2019, Plaintiff's position required that she occasionally pick up food and decorations outside of her regularly scheduled work shift.

31. Denied.

32. Denied.

33. Denied, except Defendant admits that Plaintiff appealed her termination to upper management.

## Count I
## Violations of Family and Medical Act ("FMLA")
### Interference & Retaliation
### - Against Both Defendants -

34. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

36. Denied, except Defendant admits that Plaintiff worked for more than one year at EWR4, and that both EWR4 and JFK8 employ at least 50 employees within a 75-mile radius.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are legal conclusions, to which no responsive pleading is necessary.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

## Count II
## Violations of the New Jersey Law Against Discrimination (NJ LAD)
### (Retaliation)
### - Against Both Defendants -

39. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

40. The allegations contained in Paragraph 40 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are legal conclusions, to which no responsive pleading is necessary.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

## Count III
### Violations of the New Jersey Law Against Discrimination (NJ LAD)
### (Discrimination)
### - Against Both Defendants -

43. Defendant incorporates by reference its responses to the preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

44. Defendant lacks information or knowledge sufficient to form a belief regarding the allegations in Paragraph 44.

45. Denied.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint are legal conclusions, and, therefore, no responsive pleading is necessary.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clauses pled after Count Three of Plaintiff's Complaint.

## SEPARATE DEFENSES

At this time, Defendant asserts the following Separate Defenses to Plaintiff's Complaint without conceding that Defendant bears the burden of proof as to any of them:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Amazon.com, Inc. and Amazon.com.dedc, LLC are not proper parties to this action.

3. The Court lacks personal jurisdiction over Defendant.

4. The Court lacks subject matter jurisdiction over Plaintiff's claims.

5. Plaintiff is barred from pursuing her claim in this District because venue is improper, and Plaintiff's Complaint, and each purported claim contained therein, should be dismissed or, in the alternative, transferred to the proper venue.

6. Some or all of Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitation, estoppel, laches, release, waiver, and unclean hands, and/or other equitable defenses.

7. Some or all of Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff violated Defendant's policies and/or guidelines.

8. Plaintiff's claims are barred in whole or in part to the extent that she is not disabled or a qualified individual with a disability within the meaning of the applicable statutory definition.

9. Plaintiff's claims are barred by virtue of Defendant's good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff an equally effective opportunity and would not cause an undue hardship on the operation of Defendant's business.

10. Plaintiff's claims are barred, in whole or in part, because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff were made for legitimate, non-retaliatory reasons and not because of Plaintiff's alleged medical condition or protected activity.

11. Plaintiff's alleged protected activity was not a factor in any employment decision about which she complains. Even if Plaintiff's alleged protected activity had been a factor in any decision about which she complains, which Defendant expressly denies, Defendant would have made the same decision in the absence of the consideration of her alleged protected activity.

12. There is no legal causal relationship between the losses alleged, if any, and any alleged wrongful acts or omissions by Defendant.

13. Although Defendant denies any wrongdoing, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

14. Although Defendant denies any wrongdoing, if any improper, illegal, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, those acts were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions were independent, intervening, and unforeseeable acts that cannot be attributed or imputed to Defendant.

15. Some or all of the claims of Plaintiff's are barred, in whole or in part, because she failed to mitigate her damages or otherwise avoid them.

16. Punitive damages are unavailable against Defendant because Defendant has not acted maliciously or recklessly and has made a good faith effort to comply with the law.

17. The imposition of punitive damages in this case would violate Amazon's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States, the New Jersey Constitution, and would violate the public policy and law of the State of New Jersey.

18. Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

19. Damages, if any, sustained by Plaintiff were solely and proximately caused by Plaintiff's own negligent, reckless, or intentional conduct.

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

Dated: August 15, 2019

Respectfully submitted,

By: /s/ Marshall R. King
　　MARSHALL R. KING
　　　(Bar No. 023301991)
　　　mking@gibsondunn.com

　　GABRIELLE LEVIN
　　　glevin@gibsondunn.com
　　GIBSON, DUNN & CRUTCHER LLP
　　200 Park Avenue, 48th Floor
　　New York, New York 10166
　　Telephone: 212.351.4000
　　Facsimile: 212.351.4035

　　ANNA M. MCKENZIE
　　　amckenzie@gibsondunn.com
　　GIBSON, DUNN & CRUTCHER LLP
　　1050 Connecticut Avenue, NW
　　Washington, District of Columbia 20036
　　Telephone: 202.955.8500
　　Facsimile: 202.467.0539

　　*Attorneys for Defendants*