# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| DOGA CANCA, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., and AMAZON.COM.DEDC, LLC, <br><br> Defendants. |

Civil Action No. 19-12318 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Amazon.com, Inc. and Amazon.com.dedc, LLC's ("Defendants") Motion to Dismiss, or, In the Alternative, Transfer Venue. (ECF No. 18.) Plaintiff Doga Canca ("Plaintiff") responded (ECF No. 21), and Defendants replied (ECF No. 24). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in this Memorandum Order, the Court transfers the case to the Eastern District of New York.

Plaintiff alleges that Defendants wrongfully terminated her employment on Staten Island, New York, and wrongfully denied her a position in Robbinsville, New Jersey, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*; the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5–1 to –49; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*[1] (Am. Compl. ("AC") ¶¶ 36–56, ECF No. 14.) Defendants move to dismiss the Amended Complaint pursuant to Federal Rules of Civil

---

[1] Plaintiff intends to amend her Complaint to include additional New York State- and City-law claims. (*See* Pl.'s Resp. Br. 3, 17, ECF No. 21.)

Procedure 12(b)(2) and 12(b)(3), or, alternatively, to transfer the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). (Defs.' Moving Br. 3–4, ECF No. 18-1.)

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). In deciding § 1404(a) motions, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and . . . [will] consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotation and citation omitted).

To that end, courts consider both public and private interests. Private interests include the plaintiff's choice of venue, defendant's preference, where the claim arose, convenience of the witnesses, and the extent to which records or other documentary evidence would be available for production. *Id.* Public interests include the enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court congestion; local interest in deciding the controversy; relative importance of public policies; and familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80. A plaintiff's choice of forum is accorded less weight when the selected forum is not the plaintiff's home forum. *LG Elecs. Inc. v. First Int'l Comput.*, 138 F. Supp. 2d 574, 589 (D.N.J. 2001).

Here the Court grants Defendants' alternative motion to transfer venue pursuant to § 1404(a).[2] First, Plaintiff does not dispute that "substantial events giving rise to her claims . . . occurred while she worked at [Defendants'] Staten Island location," including: "i.) her requests for accommodations upon her return from FMLA leave, ii.) mistreatment by New York management and [human resources] professionals, iii.) the investigation giving rise to her termination; and iv.) the ultimate termination decision." (Pl.'s Resp. Br. 14, ECF No. 21.) Plaintiff, accordingly, may have brought the suit in the Eastern District of New York. Moreover, Defendants do not dispute the Eastern District of New York "would have personal jurisdiction over [them] since Plaintiff's claims arise out of [their] contacts with that forum." (Defs.' Moving Br. 25.) Second, the witnesses and relevant records are likely located within the Eastern District of New York. (Pl.'s Resp. Br. 2 ("[V]enue is appropriate in . . . New York, as . . . a predominant number of Defendants' witnesses are located in New York[.]").) Third, Plaintiff is not a New Jersey resident. (*Id.* at 5 ("[Plaintiff] is a Pennsylvania resident.").) Fourth, Plaintiff intends to bring additional New York State- and City-law claims. (*Id.* at 3, 17.) Finally, Plaintiff does not oppose the motion to transfer venue. (*Id.* at 2.)

---

[2] Even in the absence of personal jurisdiction over a defendant, a court may transfer a case pursuant to § 1404(a). *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)). Here, Plaintiff alleged the wrongful failure-to-hire occurred in Robbinsville, New Jersey. (AC ¶¶ 29, 30, 37, 42, 47, 50; *see also* Canca Decl. ¶ 17, ECF No. 21-2.) Taking Plaintiff's allegations as true, as the Court must do on a motion to dismiss for lack of personal jurisdiction, *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted), the Court finds that it has personal jurisdiction over Defendants and that Defendants have not met their burden to show venue is improper. Nonetheless, the Court transfers the matter pursuant to § 1404(a).

Based on the foregoing, and for other good cause shown,

**IT IS** on this 20th day of March 2020 **ORDERED** that:

1. Defendants' Motion to Transfer Venue is **GRANTED**.

2. The Clerk of the Court shall **TRANSFER** this action to the United States District Court for the Eastern District of New York.

3. The Clerk of the Court shall **CLOSE** this case.

                                                                     /s/ Michael A. Shipp
                                                                     **MICHAEL A. SHIPP**
                                                                     **UNITED STATES DISTRICT JUDGE**